125 F.3d 862
 97 CJ C.A.R. 2273
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Christopher JOHNSON, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS; Carol Johnston, Department of
Corrections; John Jubic, AAC Hearing Officer,
Defendants-Appellees.
 No. 96-1413.
 United States Court of Appeals, Tenth Circuit.
 Oct. 3, 1997.
 
 Before BRORBY, LOGAN, and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff, a prisoner in the custody of the Colorado Department of Corrections appearing pro se, appeals from the dismissal of this civil rights action filed pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 4
 Plaintiff was charged with sexual abuse after deliberately exposing himself to a corrections officer, defendant Carol Johnston. After a disciplinary hearing before defendant John Jubic, he was found guilty. According to the "Disposition of Charges" plaintiff attached to his complaint, the punishment imposed was a total of twenty-five days of punitive segregation--fifteen days of punitive segregation for the new conviction plus ten days of punitive segregation that had been imposed in an earlier disciplinary matter but not served. See R. doc. 3 foll. p. 4. Plaintiff filed this suit, seeking expungement of the disciplinary conviction and other, related relief on the basis that the hearing officer was biased.
 
 
 5
 On defendants' motion, the district court dismissed the complaint in a thorough and well-written order. First, the court held that plaintiff had not demonstrated by his allegations that any protected liberty interest was implicated by the disciplinary action taken against him. See R. doc. 22 at 3-5 (discussing Sandin v. Conner, 515 U.S. 472 (1995)). The court further held that even if the protections of the Due Process Clause were invoked, plaintiff received all the process that was due. See id. at 5 (citing Wolff v. McDonnell, 418 U.S. 539 (1974), and Marshall v. Champion, 82 F.3d 426, 1996 WL 187535, at * * 1 (10th Cir. April 18, 1996) (order and judgment)). The court decided that plaintiff's claims for relief related to the disciplinary conviction failed as a result. See id. at 6.
 
 
 6
 We have carefully reviewed the briefs and the record on appeal.[1] We find no error, and affirm for substantially the same reasons as those set forth in the district court's order filed August 20, 1996.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Defendants' brief was particularly thorough and helpful to the court in deciding this appeal